Mr. Carpenter may it please the court the parties agreed below that a reduced sentence of 103 months is appropriate in this case but despite that joint recommendation the district court believed that it lacked authority to go below the 120 months statutory minimum that conclusion is mistaken both on the principles and I want to start with those legal principles because they control the outcome not only here but of several other cases that we have pending in our district including two cases where we've asked for abeyance in this court pending the outcome here the first issue is a mistaken legal premise that pervades both the district court order and to the government's brief on appeal and that's the notion that a 3553 emotion is granted only if a sentence below the statutory minimum is imposed but that's just not right that's just not right because in the circumstances of this case where the guidelines range is above the statutory minimum the departure under 3553 E is required to begin at the guidelines range and so here by granting a reduction from 100 or departure from 151 months down to 120 months the original sentencing course effectively granted both the 5k 1.1 and the 3553 E. The second legal issue is that the government's filing of a 3553 emotion at the initial sentencing provided the authority to go below the minimum and that authority remains in place whenever the conditions for a sentence reduction under 3582 are satisfied. Can I ask you a question about that? What if the district court denies it like expressly says I'm just denying that 3553 motion does the authority lapse then? Well I think to deny the 3553 emotion the court would have to grant a sentence at the low end of the guidelines range which in this case would have been 151 months. Had the court done that then the conditions under 1B 1.10 for a reduction aren't satisfied so I think I agree with you. I didn't even I didn't have a position I genuinely don't understand this okay You're saying then that if the government files the motion that automatically provides authority to go below? Correct. But then a denial of the motion could then put us back in a situation where there was no authority or is the authority just there by virtue of the government's motion? That is our position the authority is there by virtue of the government's motion. Now so what a couple problems I had with that one was there are other places in the criminal code where there's issues about the government who has the authority to make something happen the government or the court and in 3553 it clearly says the government needs to file a motion which in almost every legal setting requires a ruling by the judge whereas there are other places such as 21 in USC 851 where the government files an information or some of a notice which the court has no role in doing anything about so why would the court why would this why would Congress call it a motion if it didn't expect that the court had to make a decision on it rather than the government's filing of the motion automatically the best the or eliminates the mandatory minimum? Well there's no doubt the court has to make a ruling on the motion the way I interpret the way I read section 3553e is that the government's filing of the saying that this particular case that if the court had not just hasn't hadn't ruled on the motion the fact that the government filed it authorized it to go below the statutory minimum. Not quite sure I follow the question I think that is our position which is by virtue of the government filing the motion that gives the court the authority to go below the minimum at that point 3553e sets in the reflect. I don't think there's an argument that that's a precondition for the court to go below that but now we're in a different circumstance where the court has given its sentence and because of the amendment you're coming back and saying that the fact that we filed this motion in and of itself fits us into this category so that we're entitled to this percentage reduction even though the court didn't grant the 3553 motion like that. Well I think I quarrel with that last part that last premise of your question which is that the court didn't grant the motion I think first and foremost the court granted the motion because under 3553e. Right that's in this case but I'm speaking in general terms try to find out what your position is. Sure so yeah in general terms our position is that so long as the motion is filed the court has the authority it then looks to the second piece of 3553e in order to exercise its authority so the standard that 3553e sets is the court has to look at the value provided by the assistance in order to determine how to exercise its authority so you have you have that authority in place the court exercises authority which it did here to go from 151 down to 120. How do we know that wasn't just the authority under 5k 1.1? Well I would propose kind of a thought experiment on that which is assume for a second that the government had moved in its initial motion solely pursuant to 3553e and had not cited 5k 1.1 at all. What the court would have been required by the text of 3553e to do in that circumstance would be again if you look at the second the final sentence I believe of 3553e it says that the sentence reduction shall be imposed in accordance with the guidelines and the  exercising pursuant authority pursuant solely to 3553e it is nonetheless required by the statute to calculate the guidelines and to impose a departure from that point which in this case it would have gotten to 151 it was required then to value the assistance from that point rather than from the point of the statutory minimum so here it's granted the motion both because it went below the 151 and because it expressly recognized in the record its own authority to go below even the 120 it said at Joint Appendix page 21 that it granted the motion for the reason set forth in the written motion which invoked both both authorities 3553 and 5k and it further said again at Joint Appendix page 21 that it would apply a range of 110 to 137 months it then chose a sentence in the middle of that range. Do we know whether the district court had that transcript when it made its finding that there was no ruling on the motion? Our understanding is the transcript was available to it we you'll note in the hadn't been submitted by a party you're just saying that as a normal court I would have ordered it from within the court. That is our understanding is what happened so the background is that first of all Joint Appendix page 38 the denial does not cite does not consider the sentencing transcript right which is a problem under this court's precedent because in United States versus Morris back in 1965 set forth the rule that's since been followed that the oral pronouncement is controlling in the event of any conflict with with other documentation such as the the docket entry or whatnot here after this order was filed we contacted the judge to say you know are you sure did you you know we ordered the sentencing transcript the court reporter said oh I just you know I gave that to the judges chambers recently we informally said did you guys have the opportunity to consider this they said yes that's not in the record because it's not you know wasn't particularly relevant also wasn't we can't under this course precedent file a motion to reconsider because good one prevents us from doing that so an appeal was the only procedure at that point in which we could correct what we think is a mistake both in the understanding of what happened at the sentencing here but also in terms of what the the legal impact was of moving from 151 to 120 it's just a really basic question what would the basis be for a district court granting a 5k one motion for substantial assistance but denying 3553 emotion first isn't substantial assistance the same thing under both excellent question I cannot fathom a basis for that and that's why if you look I think we mentioned this in the library for somewhere that the motions were treated as co-extensive throughout both by the government and in their in their filing both by and by the sentencing court in considering these motions and the government's advocacy orally at the hearing everything was in a reason why you would grant one the other one why we we think that once the court has the authority what all it's doing is valuing how much value did this provide to the government at that point the judge is free he doesn't have to follow the government's recommendation and making that valuation that's where his independent discretion comes in well since sometimes judge I believe in many districts the government may sometimes file a 5k motion only sorry prevent anything from going and Melinda's so again what we're sort of reading the tea leaves here a little bit but if judge Thornburg had looked at the situations that I don't believe this merits going below the mandatory minimum 120 why couldn't he have just then if he had wanted to issue something more explicit have said that the 120 was all he although he was willing to do and therefore the 5k motion is granted the 3533 motion is not and you could still get to the 120 with the 5k motion well so I would answer that I would start by saying that if even if you had done that it if you said that on the record what you posited it would still justify a reduction in this case because he would likely have reached a different conclusion if you were starting from the 130 point instead of starting from the 151 point and that's why I think the Sentencing Commission has said that it makes sense to allow courts to consider reductions in this situation because you're gonna if you're starting at 130 instead of 150 when you value that assistance you're going to get to a a lower well that makes sense but then how do you breach the mandatory minimum if it would never happen in the first proceeding well I think our first argument on that is that the authority was there from the beginning the second argument I would make is based on the Supreme Court's decision in Melinda's and that is that even if you hypothetically if we assume that the government's initial initial filing at the sentencing wasn't enough in this case the consent that they filed to the 3582 motion at the 3582 stage is an independent basis to find that the court had the authority to go below the minimum because if you look at footnote 5 in Melinda's the Supreme Court says that the government doesn't need to specifically invoke 3553e in order to trigger the government or the court's authority to go below now certainly if the government cites 3553 that's enough the court has the authority but if the court expresses its desire or consent to a sentence below the minimum without expressly invoking 3553 that the Supreme Court says in Melinda's is still enough to give the court authority to consider a sentence below your argument reduced to the simplest terms would be take it that in the oral transcript of the hearing judge Thornburg granted the government's motion which was a dual motion under Bob K and 3553 and that for purposes of what we're looking at here basically ends the inquiry yeah there's nothing further that says I have refused to grant 3553 and that's really all as I understand your argument all you need to show that is that is right that's the simplest form of our argument I think there are more complicated issues that arise if for example the I think that's an error as a matter of law because I think the legal effect of going from 151 to 120 is a granting of both motions regardless of what the court may have posited on the record is what it thought the effect was so I think no that is a that is a separate question that could come up in a future case but for our purposes the simplest answer is the court said it's going to pen expatriate one I'm granting both motions and I mean anyone who was in the courtroom that day when judge Thornburg issued a sentencing and they walked out would have believed that the motion had been granted in full no one would have left believing what we're made to believe now that the motion was granted in part and denied in part so your point about Melinda is I don't think I had focused on that earlier is that by coming back on the 3582 matter and the government recommending the 103 that it had implicitly without invoke without using the magic word 3553 he had renewed that right and the footnote seems to imply you don't need to use those words right but is there any precedent for a 3553 motion being filed as part of a amendment 782 proceeding I'm not aware of published precedent I know it's happening in a Sixth Circuit case where the defend the defender's office out there appealed and the government agreed to remand it back and to make a motion pursuant to 3553 at the time of the 3582 reduction but because they did that it was granted but isn't that a reduction in sentence so is it even governed by 3553 or is it a well 35 B issue or you've not sure it matches up with I think you can get there through 3582 because that statute has the same command in it which is that a sentence reduction must be consistent with the policy statements issued by the Commission the policy statements issued by the Commission both in 5k 1.1 and in 1b 1.10 make clear the Commission believes that sentence reductions are available in these particular circumstances and that's what it would result if the district courts order held up here in the government's position on appeal were followed we would have a very strange situation where you have this you imagine the spectrum of cooperating defendants from least to most culpable what we create here is a sliver in the middle who aren't eligible to be considered for these sentence reductions so the least culpable whose sentencing guidelines ranges are below the mandatory minimum everyone agrees that they are eligible to be considered for a reduction for the most culpable whose guidelines ranges are well above the statutory minimum they too are this small sliver in the middle whose ranges and sentences straddle the mandatory minimum and they for some reason would be denied the opportunity to be considered for this relief and it's clear the Sentencing Commission said in the recent commentary to Amendment 780 which we've quoted in the briefs that the purpose behind 1b 1.10 in these circumstances is to quote ensure that cooperating defendants have the opportunity to receive the full benefit of a reduction. But can't you fix that issue by having it made more clear that at this second stage at 3582 stage the government can then file a 3553 E type motion but that it maybe it needs to be explicit on the record that that motion has been filed the court has granted it everyone's in agreement this is happening well as opposed to relying on a general notion that whatever had happened earlier would control even if the records very unclear on it. Well I think the Commission believes that it's already clear and if you look at subsection C to 1b 1.10 which was the subsection added by the recent amendments they invoke sort of the magic language of 3553 E which is in 3553 E it says upon motion the court shall have the authority and then in subsection C the Commission refers to so long as the court has the authority. That as I read it is the Sentencing Commission's suggestion that if there is a 3553 E motion filed at the initial sentencing that gives the court the authority and it carries through to be reconsidered at this point without the need for that additional motion. Now we have it here and it could be an independent basis. I don't think it's a necessary basis. Okay thank you very much. Got some time left on rebuttal. Ms. Ray. So am I right that the government had agreed to this lower guideline the beginning of the 3582 proceeding and changed its mind? Not exactly your honor. You're gonna tell us exactly. Well I sure I'm the government agreed consented to 103 months in the Senate. So we did agree we consented as in our discretion. I wouldn't say we exactly recommended that sentence but we consented to the relief requested by the defendant. We did not change our mind even on appeal that that was an appropriate disposition. We still think 103 months is appropriate. However it came down to us as we looked at this on appeal it's a question of fact that the district court made the determination of fact that the sentencing court had never granted the 3553 e-motion and Congress requires that that that motion be granted. So before where do you get how do you explain the court's finding, Judge Thornbrook's finding, that he had a revised guideline range of 110 to 137. 110 is clearly below the mandatory minimum and the guidelines I know this is not the actual guidelines but the seems like the convention was as it is in many districts that you look at a new guideline range based on the recommendation under these cooperation motions and the guideline range if he believed that the mandatory minimum still applied that he was denying the 3553 e would have been 120 to 137. So the 110 has to imply something. How do you explain that? Well I would explain it a respect to the district judges. That language is not always very precise. So if the government moves for a range of 110 that's usually what they'll say. We grant the motion the range is 110 but the court imposed a sentence of 120 which was at the mandatory minimum. But the court specifically said I'm finding the new range to be 110 to 137. If he had said nothing then I would agree with you there's some ambiguity but he said 110 to 137. He did but often the court will say it's sort of what's missing there is preliminary guideline range and then the court will go on later to say but we have a mandatory minimum and so that becomes the sentence. In any event the court imposed a sentence at 120. First of all I want to take issue with a couple of things that Mr. Carpenter argued before I I'm remiss in not doing so. The government does not believe that just that a court cannot both grant a 3553 E and impose a sentence at or above the mandatory minimum. Those things are not inconsistent necessarily. The court could say well I I grant the motion but in my discretion I'm going to still sentence at 120. But if the court is not precise and says I I you know the government has moved under both bases the court says I grant the motion but doesn't say under which. And the court imposes a sentence at the mandatory minimum. Some would rate the transcript of that to say I'm granting it on the basis that was submitted by the government and the government submitted both bases that would answer that question. Except that what he says is for the reasons stated by the government. So what the government doesn't dispute that there was substantial assistance in the court found that. But a district court may exercise its discretion to grant a 3553 E because the court judges that the value of that substantial assistance is not below the mandatory minimum. And it says conceptually how is that denying the 3553 motion. This is where I get hung up. It seems like that's just saying I'm granting. There was substantial assistance. It means the same thing under both. I'm granting and now I'm valuing it and I'm putting it at 120. I guess it's just how do we know the difference whether that was a grant or a denial. So I guess part of the when we looked at this we felt like there was enough ambiguity in the sentencing transcript because he did not make clear whether he was granting one as opposed to the other. And there are bases. There are judges. We've had judges that have granted one and denied the other. It happens. Wouldn't there be some evidence of that in the record given that when a judge is going to make that more nuanced determination. Right. I know you said that district judges don't always do what you think but the you would think there would be some indication in the record that the judge wanted to make that distinction rather than saying the range is now 110 to 137 which encompasses sentences below the mandatory minimum. In this case the judge did ultimately do that in the statement of reasons when he checked mandatory minimum in post. And so the government's argument. In most state courts that would probably end the argument in your favor. But we're in federal court which has a different rule where we're governed primarily by the oral. Right. Transcript and that seems to augur the other way. I think that there's enough ambiguity in the oral transcript that Judge Reidinger could properly take into account the written documentation that accompanied it. Because there was never a point in the oral transcript where the judge made clear particularly given that he imposed the mandatory minimum sentence that he had in fact granted the 3553 emotion. But in fact his sentence was at mandatory minimum. And those statement of reason forms are somewhat confusing I think. In fact the other checkbox that was referenced is also very confusing and I think as I read the other checkbox that shouldn't have been checked either because it only applied when the sentence imposed was below the mandatory minimum term which it was not. Right. So when we. How do you read these checkboxes? Do you agree that the second box should not have been checked? It's not. Under either analysis? Let me make very clear that I think that this courts through your honors questions are suggesting an entirely plausible reading of the district court record. That is to say what the sentencing court did in the transcript and the judgment. If you look at all of those one can conclude that the court granted the 3553 motion. That is one plausible interpretation. Another plausible interpretation based on the docket entry and the statement of reasons and the confusion in the transcript or at least some ambiguity is that the court did not. And so the question is whether Judge Reidinger clearly erred. Is there substantial evidence to uphold it? We looked at it. Can I ask you a question about that? Sure. So in your brief you say that the motion the 3553 motion is without effect after the court has denied it. Right. So once it's denied but there's no finding the second court never said it was denied just said it wasn't granted. Isn't there some space in between there like even if it wasn't granted isn't the next most plausible thing that the judge just said I'm sentencing at 120 anyway so I don't have to grant or deny it. It doesn't make any difference. Even if that were true Judge Harris I think that the motion would be moot upon the imposition of sentence. So that motion involves the imposition of sentence at a particular time and the government says your honor we believe that the defendant substantial assistance merits a reduction and we're willing to to contemplate a sentence below the where we move for a 5k and not a 3553E. So but once that motion is adjudicated and on the docket sheet it is adjudicated at least as far as the that physical motion is termed and once that sentencing takes place the 3553E motion doesn't sit out there for years and decades on end so that a later judge can impose a sentence below that mandatory minimum without the earlier judge having actually granted that motion or the government somehow renewing it. This is the first I've heard of our authority in a 3582 context to file a motion. I'm not disputing that it may have happened in the 6th Circuit or the government agreed to that but that's we didn't do it in this case we didn't intend to do it in this case. We looked at this case and arrived at the same conclusion that looks to us all things being equal that probably was but when the district judge found something else I was tasked with okay let's look at the transcript is there ambiguity yeah there seems to be some ambiguity he doesn't specifically say he's granting 3553E he does say the motion but the motion has is really a dual motion so and then let me ask about the pieces that you have that presumably Judge Reinder relied on so there's a statement of reasons document and as I mentioned the second checkbox I believe in your papers and maybe even the district courts statement indicated that one piece of evidence was the fail failure to check the box for a sentence below the mandatory minimum under 3553E but as I read that language you only do that if the sentence actually is below 120. You said it's possible to grant 3553E but not give a sentence below 120 so would you agree that there was no reason even if you agree with your counterpart's position under that position there was no reason for Judge Thornburg to have checked that box so the failure to check that box does not show us that the motion was not granted I think that the box has has multiple statements in it that one of which is that 3553E was granted and I don't disagree with the sentence imposed is below a mandatory minimum. That's right right absolutely and so that box does not does not meet the circumstances if a judge grants the motion but imposes a sentence that is equal to the mandatory minimum the judge also checked a box that the mandatory minimum was imposed which was 120 which was imposed right but I think there's always been some confusion about what that box means so for example if you give a sentence of 130 you check that box because you honored the mandatory minimum even though your sentence was higher than the mandatory minimum. Is there any other guidance on what that that form requires or how it's to be interpreted? Not that I know of I've seen it done both ways but I've also seen judges write an explanation where they explain you know that the different I mean just a very short explanation. Are there cases I was planning to look for them and I didn't find them but are there cases in which the statement of reasons document which I understand is largely for the purposes of the sentence commissioning sentencing commission being able to get data on how judges are sentencing. Is there authority saying that that document is to be considered in these types of analyses that it's actually a recognized piece of evidence either not as significant as the transcript itself but still something that we go to even though its purpose is not to inform the public of what's happening it's in fact they're confidential purposes for the commission to run data on how judges are sentencing. Your Honor I don't have a particular case where I can say that there's you know this case says that this court is empowered to consider the statement of reasons but this court has considered statements of reasons as has the district court for just evidence it's evidence of what the court was the reasons why a court imposed a sentence and we have relied on the statement of reasons particularly but also trying to think of I mean I look at statements of reasons all the time so there must be other reasons why I'm looking at them but they're in 3583 Simmons cases things like that we look to those and and there's no case that I'm positive that says that that's an inappropriate document for a court to consider. Now I also want to address Mr. Carpenter. Let me ask you this is a practical viewpoint the opposing counsel referenced there were some other cases being held in advance I assume in your district are those cases where it was this Judge Thornburg that had this case where similar motions were granted and they're now being reinterpreted by an active judge as opposed to the judge who did it are we talking about a lot of cases? No and and I think that those cases were being held on the chance that this court would find a legal error of a different sort than I think is even presented in this case so from the government's perspective it seems to me plain that Judge Ridinger made a fact finding. Judge Ridinger did not say that he was unauthorized to grant this if Judge Thornburg had granted the motion under 3553 E so those motions are those about the other arguments that the federal defenders are making in this case about authority and that's what I wanted to address. So this is sort of a unique case to itself based on the facts and if we were to conclude that the transcript of the oral hearing was clear without ambiguity that would settle the matter and life could move on. I think so now Mr. Carpenter will be able to speak better than I can to the specific details of those cases but in our discussions about abeyance I did not understand them to have this kind of factual dispute. I want to be very clear that section 1B 1.10 C which is the authority for analyzing the amender calculating the amended range without regard to the mandatory minimum is only about calculating the amended range when it says the district court had authority to go below yes this district court at the time he sentenced had authority to go below the mandatory minimum by virtue of the government's motion but nothing in 1B 1.10 C authorizes a court to go below the mandatory minimum if the district court denied or did not grant that 3553 E motion and 1B 1.10 C only goes to how you calculate the amended range. In this case the amended range was still entirely above the mandatory minimum. So that really wasn't triggered and there's nothing that this court needs to decide in this case relevant to whether or not that it just isn't it's not a provision that's particularly helpful and I think the defendant wants to say well once a district judge is authorized then they can always go below even if that motion is denied and that cannot be the case. If the motion is denied it is done. It is moved. The government has to file a 3553 E otherwise or rule 35 motion otherwise a different district judge could come in 10 years 20 years later and say I look at this and the government filed a 3553 E I can reduce the sentence. So I don't think that that section of 1B 1.10 does anything that's particularly helpful to the defendant in this case if the motion was denied. So it really comes down to a question of fact and the government respectfully suggests that this was ambiguous enough that the court could properly and we just don't think that there was clearly clear error when there was some substantial evidence. Can I ask one other question regarding the evidence that Judge Reidinger relied on. So these docket entries that said motion 5k1 motion granted. Is there any evidence in the record as to who completed those entries? Was that a courtroom deputy closing out a motion? Was it the judge who would actually submit that language? There's no evidence on that. There's no evidence in the record. Do you know anything about the custom and practice in that district? I think that it's it's I've seen it done both ways. In some cases it will say one and not the other and I don't know that there's a particular practice. I think that Judge Reidinger did have a lot of evidence that he considered and I think that what he considered was that there was no place in the record where Judge Thornburg either on in writing or even orally made clear that he was granting both motions and what he did was impose a sentence at the mandatory minimum. That is sufficient substantial evidence to support the finding of fact and therefore you know the government would request that the judgment be affirmed. But I don't want to not be clear that I think it could have been gone could have gone the other way. It's just it's a question of fact that that is not clearly erroneous. Have you had a chance to respond to the argument that your original the government's original consent to the 103 month sentence sort of suffices even if there's not a 3553? It doesn't your honor. I mean I that I did I thought I responded earlier but I may not have I obviously I didn't do it very clearly. We consented on the basis that we believed and assumed that the 3553 e-motion had been granted. Now I want to be very clear that the the volume of these I mean I personally have drafted more than 500 responses to these motions so there is not a we don't go back to the sentencing transcript at that point generally but I assumed it was granted and so we did it. That does not function as a 3553 e-motion a new one. It although there's a footnote sure that means in generally at the first sentencing if the court if the government comes in and makes a recommendation for a below guideline sentence in the original sentencing proceeding perhaps it's okay for there not to be an explicit reference to 3553 e but I don't think that that can translate to the 3582 context because that not a context in which 3553 e-motions are ordinarily made at all but I would have thought I mean I have to I have to look at the footnote myself but I would have thought the idea would be look at the government is standing there consenting to a sentence under the mandatory minimum you know what's the problem? Because that's based on our understanding that the 3553 e-motion was granted. We don't believe we have the authority at that stage to know I know from your perspective right it was just a mistake but from the judge's perspective how is the judge supposed to know you're mistaken and why you're consenting? Do you know what I'm saying? Not exactly I mean I don't think that it was our mistake I think that we there are two plausible ways to view this record on in some ways you can look at it and say the motion was granted and in other ways you can say it was not and it was denied but I don't believe that a motion was granted and I don't think there's any there's never been and I this is now the third answer that don't you have to say well we made an error of fact because now that we've looked at it we don't think the 3553 was originally granted so we shouldn't have sent it to the 103. Judge Achey I don't think I have to say that at all because I think that we're it's a question of fact and because a record can plausibly be interpreted in two different ways. You interpreted it one way. I did I mean we we interpreted it as Judge Thornburg granted the motion and so we consented to the relief. So but your department is called the Department of Justice is this justice for this defendant? It is well our department also our role is to look at what the district judge does and make our own assessment about whether there's legal error on appeal I can't concede error on appeal that I don't believe has occurred and if if we look at the facts and say yeah under this under these facts that if I may finish answering the question on this record the transcript was ambiguous enough that we can look at those written documents and and we looked at them again and thought okay this is a defensible decision because we think substantial evidence supports that decision and it's a finding of fact. I don't think we really made an error exactly in our initial response. I think that the questions on appeal that we have to look at are different. We have to look at the same standard of review that your honors do. I mean that's the that's the measure we apply when we determine whether to concede error but I don't think that just because we consent to a motion below the mandatory relief below the mandatory minimum I don't your your honor has a question I don't need to keep on talking. I'm sorry just just I wonder if there's a way to sort of I'm gonna lose the train of thought already um I mean couldn't we turn this into more of a legal question if it's ambiguous as to whether the motion was granted and the government thought it was granted and then consented to the below minimum sentence why isn't that enough to authorize a sentence below the minimum? Do you see what I'm saying? I do and I think that I think that a sentence below the mandatory minimum was the 3553 e-motion that the government originally filed had been granted so and I don't think that Judge Thornton, Judge Reidinger rather made any contrary decision. Judge Reidinger simply made a finding of fact that that motion was never granted and so our job on appeal my task was to figure out if that was clearly erroneous judgment and in looking at everything it seemed to me to be enough conflict to say hmm not on balance clearly erroneous. Your honors may reach a different conclusion. Do prosecutors now have to make it very clear in this setting and insist that the judge make a ruling on 3553 e separate from the 5k one? I mean isn't this to some degree the fault of your prosecutor for not having done that? I don't know I mean I guess that in an ideal world perhaps a prosecutor would feel comfortable saying to a district judge and noting every little thing that maybe didn't wasn't explicit but that I don't know even in this case what the prosecutor's impression was. I mean Mr. Carpenter got up and represented that nobody could have left that courtroom that day and not believed that the motion was not granted. I certainly don't think that's true when the mandatory minimum was imposed. But if we were to conclude that if we were to conclude that that it was that would end this case. Sure well if this court were to conclude not only that it was granted but that there is no substantial evidence to support the district court's finding to the contrary. Recognizing that this court doesn't sit in the chair of the district judge it cannot simply substitute its judgment. If this court finds no substantial evidence to support the district courts finding a fact and absolutely that ends the that ends the conversation. Do we have cases that apply that standard of review in circumstances like this rather than just saying it's a discretion to impose the low minimum sentence? In dealing with probably more than 2,000 motions like this this is the first case I've ever seen. Yeah. Where we have had a fact dispute. Right. Drive eligibility. Right. It does seem like it's kind of a mixed question to me but anyway. I mean I think that the question of fact governs eligibility in this case. That and the fact is whether or not the district judge granted that motion, Judge Thornburg, the sentencing court. But given the deferential standard of review we believe affirmances is warranted. I don't believe that there's any reason why this court's decision in this case should should change or alter in any way or even speak to the legal parameters of eligibility under 3582. Thank you very much. Thank you. Carpenter, you have anything you want to add? It's not a requirement. I'll be quick. Could I just ask at the outset did you agree that this issue of whether the motion was granted is a question of fact? Absolutely. Under a clearly erroneous standard. I absolutely disagree and that's where I wanted to start with what Judge Harris said. I I'm not aware of any case law that has used that standard in this context. It's not a question of historical fact relating to the offense conduct or anything else. This is a question of the legal impact of what Judge Thornburg said in court that day and there is no factual dispute as to what he said in court that day. The only question is what is its legal impact? So I don't think the substantial evidence standard applies. But is there any authority to the other side saying that this is viewed under some other standard, this scenario? Well the best thing I would point to is the Wilson case that we cited at the towards the end of the reply brief which says when the district court's comments are less than clear then we kind of give a ambiguity in his favor. I think that suggests that this is not a substantial evidence standard. If the district court's remarks were reviewed under substantial evidence standard it would apply in that kind of case. A couple of quick points that respond to your question about the other cases that are pending. They do present the same general fact pattern which is a guidelines range above the minimum, a departure based on substantial assistance to a point at or above the statutory minimum, and the question of whether in that circumstance the person is eligible for relief. So in my view... I was more concerned there with the language of the original sentencing judge and how they granted the government's motion as to whether that language is repeated. And that I have to confess I have to go back and look at in those cases. I think we may have transcript orders in for those. I'm not sure I've actually seen them. Or we may have them. This is the only case where this particular factual question arises or the legal question from the factual statements arises. It might be much easier to simply dispose of this case and let the rest of them stand on their own merits. Sure. I would represent that the I think the legal one of the general legal questions is going to be present and that's simply what does it mean to grant a 3553E motion in this context. If you agree with sort of the premise that I set out in the beginning which is that a 3553E motion is granted for all practical purposes and all meaningful legal purposes when the court departs below a guidelines range based on substantial assistance at least when the government has invoked 3553E. Of course that answer to that question resolves all of the pending cases. If that is enough to be a granting of the 3553E then the other cases will certainly fall in line with this one. So if you agree with that legal principle I'd ask you to apply it and make things simple for everyone going forward. But that didn't happen here right? So you're saying if the sentence actually turns out to be below the mandatory minimum implicitly it was granted. I may not have been clear. Our position is that a 3553E is granted when like in the circumstance of this case you have a guidelines range that's above the minimum and the government invoked both 3553 and 5k. We believe those two motions are coextensive and so that the granting of one, the granting from 151 down to 130 or down to 120 represents a granting of both motions. Even if the actual sentence doesn't go below the mandatory. Exactly because if you look at and that's based on the text of 3553E which requires consistency with the guidelines. The guidelines in turn under 1b 1.1 require the departures to start from the guidelines range. So start from the 151. So if you agree that when the government invokes 3553 the court departs below that's a granting of both motions as a matter of law. That resolves both this case and all of the pending cases. One quick thing I want to respond to is sort of the parade of horribles about well if this isn't officially denied or it doesn't become moot then some district judge down the road can just open this back up and grant you know an additional departure. That's it is a classic parade of horribles because the circumstances that are present in this case are the ones that are required which is a retroactive guidelines amendment that alters the defendant's guidelines range. Those aren't going to be satisfied in any extraordinary number of cases. It's a narrow circumstance and so we don't think there's any parade of horribles concern about that issue. The court has no further questions. Thank you for your time. Thank you very much. We'll come down and recounsel and move on to our last case. Yeah.
judges: G. Steven Agee, Pamela A. Harris, Theodore D. Chuang